# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JENNIFER MCLEAN

    Plaintiff,

v.                                       Case No. 8:20-cv-108-T-60CPT

TERENCE NERO,

    Defendant.
_____/

## ORDER GRANTING "PLAINTIFF'S MOTION FOR REMAND WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on "Plaintiff's Motion for Remand with Prejudice and Incorporated Memorandum of Law," filed on February 13, 2020. (Doc. 7).  Defendant Terence Nero did not respond in opposition.  Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

In 2012, Plaintiff Jennifer McClean filed a foreclosure action in state court against Defendant Terence Nero and unknown tenants of a property in Tampa, Florida.[1]  *See McClean v. Nero*, No. 12-CA-010683 (Fla. 13th Jud. Cir. Ct.); (Doc. 1-1).  The state court entered a final judgment of foreclosure on December 31, 2015. *Id.*  On February 27, 2019, Florida's Second District Court of Appeal affirmed the final judgment.  *Nero v. McClean*, 286 So. 3d 704 (Fla. 2d DCA 2019) (per curiam).

---

[1] Federal courts may take judicial notice of court records.  *See United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015).

On October 28, 2019, one of Nero's alleged tenants, Ross Scopelliti, attempted to remove the case to federal court, but the case was *sua sponte* remanded back to state court for lack of subject matter jurisdiction. *McClean v. Scopelliti*, No. 8:19-cv-2678-T-02AAS (Doc. 17) (M.D. Fla.). Scopelliti's improper removal was just one of many attempts by both Scopelliti and Nero to stall the state court foreclosure proceedings. *See, e.g.*, *Scopelliti v. McClean*, No. 8:20-cv-104-T-36CPT (M.D. Fla.); *Scopelliti v. Harris*, No. 8:19-cv-1626-T-02CPT (M.D. Fla.); *In re Nero*, 605 B.R. 242 (M.D. Fla. 2019) (affirming the bankruptcy court's ruling barring Nero from filing any bankruptcy petitions for two years and dismissing his third bankruptcy action). On January 15, 2020, Nero again attempted to remove this case to federal court, without naming Scopelliti as a party or providing notice of his consent to removal.

## **Legal Standard**

Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## **Analysis**

For many reasons, the case must be remanded.

Post-judgment removal is only permitted in limited circumstances. *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 627 (11th Cir. 2019) (citing *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 (11th Cir. 1991); *Resolution Trust Corp. v. Bakker*,

51 F.3d 242, 244-46 (11th Cir. 1995)).  This is not one of those circumstances.  When a defendant in a foreclosure action attempts "to remove [a] foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* at 628 (11th Cir. 2019) (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011)).  Further, federal court review of a state court's award of a writ of possession violates the *Rooker-Feldman* doctrine.  *See Carr v. U.S. Bank as trustee for TBW Mortg. Backed Tr. Series 2006-6*, 793 F. App'x 971, 974 (11th Cir. 2019).  As such, the Court finds that Nero's "removal was improper and did not vest jurisdiction over the underlying case" in this Court.  *See Aurora*, 762 F. App'x at 628-29 (citing *Jackson*, 924 F.2d at 198 n.8).

Second, a case may not be removed twice based on the same pleading or event that made the case removable.  *Watson v. Carnival Corp.,* 436 F. App'x 954, 956 (11th Cir. 2011).  Here, Nero identifies no new action, information, or event that would have made the case newly removable.  Furthermore, since final judgment has been entered, he cannot allege a new basis for removal.

Third, there is no federal question jurisdiction in this case under 28 U.S.C. § 1331 as the face of the complaint includes no questions of federal law.

Fourth, even if there was a basis for diversity jurisdiction, as Nero attempts to plead in the notice of removal, a case may not be removed to federal court where one of the defendants is an in-state defendant.  *See* 28 U.S.C. § 1441(b)(2).  In this case, Nero – the removing Defendant – is a citizen of Florida, and removal is therefore barred by the forum defendant rule.

Fifth, Nero's removal is untimely under 28 U.S.C. § 1446(b)(1). This is a 2012 state court foreclosure where final judgment was entered in 2015. Even if this case had been removable, it is clearly outside of any theoretical thirty-day window.

## **Conclusion**

It is clear that this case is not removable. Furthermore, it appears that Nero knew that the case is not removable, since he has tried and failed to remove it on several occasions. The Court is deeply concerned with Nero's continued brazen misuse of judicial resources as a means to forestall the underlying state court proceedings. As such, the Court hereby warns Nero that if he continues to improperly remove state court cases, he will be subject to sanctions. *See, e.g.*, *Retreat at Stonecrest: Apartments v. Chisolm*, No. 1:18-cv-5362-AT, 2018 WL 6715764, at *1 (N.D. Ga. Nov. 29, 2018); Fed. R. Civ. P. 11(c).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Remand with Prejudice and Incorporated Memorandum of Law" (Doc. 7) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of April, 2020.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**